1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Susan Reams,

     Plaintiff,

  v.

Boulder City,

     Defendant.

Case No. 2:25-cv-01315-APG-DJA

**Order**

   Pro se Plaintiff Susan Reams filed an application to proceed *in forma pauperis.* (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.  Discussion.**

   Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

   The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g., Marin v. Hahn*, 271

1    Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by

2    denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his

3    poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's

4    personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016

5    U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient

6    grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441,

7    443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on

8    *in forma pauperis* application).

9         On her application, Plaintiff does not respond to question one or question two, which ask

10    if she is incarcerated or, if not, if she is employed. Plaintiff also asserts that she makes no money

11    from any source. Plaintiff claims that she has no money in cash or in a checking or savings

12    account, that she has no items of any value, that she has no bills of any kind, that she has no

13    dependents, and that she has no debts or financial obligations. On the docket, Plaintiff includes

14    an address. The Court takes judicial notice of the fact that public records reveal the address

15    appears to be a church. However, Plaintiff does not provide any details about whether she lives

16    or works at the church and, if so, if she earns income or pays rent or other bills. Plaintiff provides

17    no detail about how she lives considering her claims to have no money and no bills. The Court

18    finds that Plaintiff has omitted information from the application. As a result, the Court cannot

19    determine whether Plaintiff qualifies for *in forma pauperis* status.

20         The Court will give Plaintiff one opportunity to file a complete *in forma pauperis*

21    application. The Court further orders that Plaintiff may not respond with a zero or "not

22    applicable" in response to any question without providing an explanation for each of the

23    questions. Plaintiff also may not leave any questions blank. Plaintiff must describe each source

24    of money that she receives, state the amount she received, and what she expects to receive in the

25    future.

26         The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court

27    gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable

28

questions and check all applicable boxes.  Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **August 20, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee.  **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and of the Long Form application to proceed *in forma pauperis* and its instructions.[1]

DATED: July 21, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.