UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Susan Reams, | Case No. 2:25-cv-01315-APG-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| Boulder City, et al., | |
| Defendants. | |

Pro se Plaintiff Susan Reams filed a second application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee). (ECF No. 19). The Court denied her first application because it was missing certain information. However, Plaintiff's second application contains contradictory information and conflicts with an application she filed in another case a few days prior. So, the Court denies Plaintiff's second application without prejudice.

**I.    Background.**

Plaintiff initiated this action—*Reams v. Boulder City*, Case No. 2:25-cv-01315-APG-DJA ("*Reams 1*")—on July 21, 2025, by filing an application to proceed *in forma pauperis*, along with other documents. (*Reams 1*, ECF No. 1) (*in forma pauperis* application). The Court denied that application the same day, noting that Plaintiff had claimed to receive no money from any source, to have no bills, and to have no money in cash or in a checking or savings account. (*Reams 1*, ECF No. 9). The Court took judicial notice of the fact that public records revealed the address Plaintiff included on the docket appears to be a church. (*Id.* at 2). But the Court explained that "Plaintiff does not provide any details about whether she lives or works at the church, and, if so, if she earns income or pays rent or other bills." (*Id.*). It further explained that "Plaintiff provides no detail about how she lives considering her claims to have no money and no bills." (*Id.*). The

Court found that Plaintiff had omitted information from the application and so, the Court could not determine whether Plaintiff qualified for *in forma pauperis* status. (*Id.*).

Two days later, on July 23, 2025, Plaintiff filed an application to proceed *in forma pauperis* into another case, *Reams v. City of Boulder City*, Case No. 2:25-cv-01326-GMN-MDC[1] ("*Reams 2*"). (*Reams 2*, ECF No. 5).[2] In that application, Plaintiff claimed to make $5,000.00 per month from employment over the past twelve months and that she expected to make $5,000.00 the next month. (*Id.* at 1). She claimed to make no money from any other source, including child support. (*Id.* at 2). Plaintiff claimed to work for Mountain View Care between June and July of 2025, at a rate of $800.00 gross monthly pay and to work for "Papelion" between March and May of 2025, at a rate of $1,000.00 gross monthly pay. (*Id.* at 2). Plaintiff claimed to have no money in cash and claimed to not have any type of bank account. (*Id.*). Plaintiff also asserted that she paid $60.00 per month in utilities, but had no other bills. (*Id.*). The Court ultimately did not decide that application because, shortly after Plaintiff filed it, she moved to consolidate *Reams 1* and *Reams 2*, and the Court closed *Reams 2*.

After the Court closed *Reams 2*, Plaintiff filed a renewed application to proceed *in forma pauperis* in *Reams 1* on August 1, 2025. (*Reams 1*, ECF No. 19). In that application—the one currently before the Court—Plaintiff deviates from the prior application she filed in *Reams 2*. Instead of making $5,000.00 per month from employment in the last twelve months and expecting to make $5,000.00 the next month, Plaintiff reports making only $1,000.00 per month from employment in the last twelve months and expecting to make $1,000.00 from employment the next month. (*Id.* at 1). Plaintiff also indicates that she received $250.00 per month in the last twelve months from child support, and is expecting to receive $250.00 from child support the

---

[1] Now that *Reams 1* and *Reams 2* are consolidated, *Reams 2* bears the case number 2:25-cv-01326-APG-DJA.

[2] Plaintiff had filed an application to proceed *in forma pauperis* the day before, on July 22, 2025, but that application was not on this Court's approved form as required by Nevada Local Special Rule 1-1. (*Reams 2*, ECF No. 3). The Local Rules of Practice for the United States District Court, District of Nevada, can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

next month. (*Id.*). However, Plaintiff lists no dependents in her application. (*Id.* at 3). Plaintiff lists the same or similar employers as her *Reams 2* application, but lists different dates and pay. (*Id.*). She states that she worked for Mountain View Care from between February and March of 2025, at a rate of $1,000.00 gross monthly pay. (*Id.*). She states she worked for "Papellion" [sic] between June and July of 2025, at a rate of $1,000.00 gross monthly pay. (*Id.*). Unlike her prior application, also Plaintiff now lists two bank accounts, although each only has $5.00, and claims to have $5.00 in cash. (*Id.*). Plaintiff no longer lists a $60.00 utility payment on her application, but in responding to questions about how much she pays for food and clothing each month, Plaintiff writes "Boulder City Emergency Aid" and "BC Emergency Aid." (*Id.* at 4).

## II.     Discussion.

The Court "may take judicial notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Federal Rule of Evidence 201(b)(2) provides that a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rule of Evidence 201(c)(1) provides that the court may take judicial notice on its own.

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940

(9th Cir. 1981) (citation omitted).  If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*.  *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately").  "Such affidavit must include a complete statement of the plaintiff's personal assets."  *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016).  Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application.  *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

Here, as a preliminary matter, the Court, on its own, takes judicial notice of the fact that Plaintiff filed an application containing certain self-reported financial information in *Reams 2*. (*Reams 2*, ECF No. 5).  Having taken judicial notice of the *Reams 2* application and the information Plaintiff supplied in it, the Court compares the *Reams 2* application to the instant, *Reams 1* application.  The two contain discrepancies that the Court cannot overlook.

Plaintiff filed the instant, *Reams 1* application only eight days after filing the *Reams 2* application.  Plaintiff could have presumably opened the two bank accounts she lists on the *Reams 1* application but not on the *Reams 2* application within that time.  And the discrepancy between Plaintiff's employment history on the *Reams 2* application and the *Reams 1* application could be attributed to typographical error.  But the Court cannot liberally construe the remaining inconsistencies.

Indeed, Plaintiff claimed to make $5,000.00 per month from employment in the past year in her *Reams 2* application, but now—just eight days later—claims to only have made $1,000.00 per month from employment in the past year.  Plaintiff also now claims to have been receiving $250.00 per month in child support over the past year and expects to receive $250.00 in child support next month, figures she did not include in her *Reams 2* application.  Yet, in neither

application did Plaintiff claim to have dependents. Plaintiff also previously claimed to pay $60.00 per month in utilities. But now she claims to pay nothing in utilities.

Given these discrepancies, the Court cannot determine whether Plaintiff is accurately reporting her income and expenses in her *Reams 1* application. As a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status. So, the Court will deny Plaintiff's *Reams 1* application to proceed *in forma pauperis* and give Plaintiff another opportunity to file an application.

The Court gives Plaintiff the following instructions for that application. Plaintiff must use the Long Form application, which the Court will send to her. Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff may not leave any questions blank. In response to question 11, asking Plaintiff to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff must explain the discrepancies between her *Reams 2* and *Reams 1* applications. The Court will send Plaintiff copies of these applications for her reference.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff may alternatively pay the filing fee in full. Because the Court denies Plaintiff's application, it does not screen the complaint at this time.

///

///

///

1       **IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 19) is **denied without prejudice.**

      **IT IS FURTHER ORDERED** that Plaintiff has until **September 4, 2025,** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. **Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.**

      **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff the following: (1) a copy of this order; (2) a copy of the Long Form application to proceed *in forma pauperis* and its instructions[3]; (3) a copy of Plaintiff's *in forma pauperis* application filed in *Reams 1*, Case No. 2:25-cv-01315-APG-DJA at ECF No. 19; and (4) a copy of Plaintiff's *in forma pauperis* application filed in *Reams 2*, Case No. 2:25-cv-01326-APG-DJA at ECF No. 5.

DATED: August 6, 2025

                                                   DANIEL J. ALBREGTS
                                                   UNITED STATES MAGISTRATE JUDGE

---

[3] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 239.