# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Susan Reams, | Case No. 2:25-cv-01315-APG-DJA |
|              Plaintiff, | Consolidated with:<br>Case No. 2:25-cv-01326-APG-DJA |
|    v. | |
| Boulder City, et al., | **Report and Recommendation** |
|              Defendants. | |

On August 6, 2025, the undersigned magistrate judge denied pro se Plaintiff Susan Reams' application to proceed *in forma pauperis* (which means, to proceed without paying the filing fee) and gave Plaintiff until September 4, 2025, to file a renewed application or pay the filing fee. (ECF No. 23). In that order, the undersigned explained that "**[f]ailure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed**." (*Id.* at 6). Plaintiff missed the September 4, 2025, deadline.

On September 11, 2025, the undersigned magistrate judge issued an order to show cause, providing Plaintiff with some information explaining the Court's process and requiring Plaintiff to show cause why she missed the September 4, 2025, deadline. (ECF No. 26). The undersigned gave Plaintiff until October 13, 2025, to respond to the order. (*Id.*). That order again explained that "**Plaintiff is warned that failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed**." (*Id.*). Plaintiff has missed the October 13, 2025,[1] deadline. So, the undersigned recommends dismissal of Plaintiff's case without prejudice.

---

[1] The Court issues this report and recommendation a few days after this deadline to account for any possible filing delays related to the fact that October 13, 2025, was a federal holiday.

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b). In considering whether to dismiss an action under Rule 41(b), courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

Here, because Plaintiff has not complied with the undersigned's order, the undersigned recommends dismissal of Plaintiff's case without prejudice. *See* Fed. R. Civ. P. 41(b); *see* LR IA 11-8(e). The first factor weighs in favor of dismissal because the public has an interest in expeditious resolution of litigation and Plaintiff's failure to comply with a Court order impedes this goal. The second factor weighs in favor of dismissal because the Court's need to manage its docket is thwarted by Plaintiff's failure to comply with a Court order or initiate this action by paying the filing fee or filing a completed application to proceed *in forma pauperis*. The third factor weighs in favor of dismissal because the longer this case is carried on, the more witnesses' memories will fade and evidence may be lost. The fourth factor weighs in favor of Plaintiff, but does not outweigh the other factors. Fifth, there are no less drastic sanctions when Plaintiff has not complied with a Court order. Given Plaintiff's failure to comply with an order for Plaintiff to pay the filing fee or apply to proceed without doing so, monetary sanctions are not practical. Nor are other non-monetary sanctions an option if Plaintiff does not to follow Court orders. The fifth factor weighs in favor of dismissal. The undersigned thus recommends dismissing Plaintiff's case without prejudice. A dismissal without prejudice allows Plaintiff to file a new case with the Court, under a new case number. Because the Court recommends dismissal of this action, it further recommends denying Plaintiff's pending motions (ECF Nos. 2, 3, 4, 5, 10, and 15) as moot.

///

///

///

1    **IT IS THEREFORE RECOMMENDED** that this case be **dismissed without**

2    **prejudice.**  The Clerk of Court is kindly directed to send a copy of this recommendation to

3    Plaintiff.

4    **IT IS FURTHER RECOMMENDED** that Plaintiff's pending motions (ECF Nos. 2, 3,

5    4, 5, 10, and 15) be **denied as moot.**

6

7    <u>**NOTICE**</u>

8    Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be

9    in writing and filed with the Clerk of the Court within fourteen (14) days after service of this

10   Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has

11   been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

12   U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986).  The Ninth Circuit has also held that

13   (1) failure to file objections within the specified time and (2) failure to properly address and brief

14   the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

15   issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991);

16   *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v.*

17   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

18

19   DATED: October 17, 2025

20   _____

21   DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28